Jon E. HALES, Plaintiff and Appellant,

v.

Stephanie L. HALES, Defendant and Respondent.

No. 18049.

Supreme Court of Utah.

Oct. 27, 1982.

J. Franklin Allred, Salt Lake City, for plaintiff and appellant.

for this purpose, and thereby entitled to receive a copy of the medical panel report. § 35–1–77.

Harold R. Stephens, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

The parties in this action were married on August 15, 1980, and lived together for one month, when the defendant left at the plaintiff's request. In February, 1981, the plaintiff sued for divorce, conceding paternity of, and support liability for, a child expected in March of 1981. The defendant counterclaimed, asking for a divorce, custody, and support for the child when born. In July of 1981, several months prior to trial, the plaintiff informed his attorney and the defendant of his intent to dispute the paternity of the child born to the defendant in March of 1981 and to seek blood and tissue tests to confirm that he was not the father. The basis of the plaintiff's claim was that the defendant fraudulently misrepresented the child as his. However, despite the plaintiff's persistent requests, his counsel failed to seek leave to amend the complaint to raise the issue of paternity and failed to seek an order from the court regarding blood and tissue tests. Thus, twelve days before trial, the plaintiff obtained new counsel who immediately requested permission to amend the plaintiff's complaint to raise the issue of paternity and to change his cause of action to one for annulment. The trial court denied the plaintiff's motion to amend on the basis of the Lord Mansfield Rule and our decisions of *Holder v. Holder,* 9 Utah 2d 163, 340 P.2d 761 (1959), and *Lopes v. Lopes,* 30 Utah 2d 393, 518 P.2d 687 (1974).

On appeal, the plaintiff contends that the trial court abused its discretion in denying the requested amendment to the complaint for the purpose of showing that the plaintiff was not the father of the child and hence not responsible for its existence or upkeep. The plaintiff bases his contention on Rule 15(a), Utah Rules of Civil Procedure, which reads as follows:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading *only by leave of court* or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*

*Id.* (emphasis added). The plaintiff relies on that part of the rule to the effect that an amendment should be freely permitted.

Although the plaintiff's original counsel should have amended the complaint and raised the issue of paternity in a timely fashion, it was an abuse of discretion to entirely preclude the plaintiff from contesting his obligation to support a child which he claims was fraudulently misrepresented as his. If the paternity question could not have been prepared in sufficient time for the trial, it could easily have been severed for a separate trial at a later date and the divorce hearing could have proceeded as scheduled. Furthermore, as the plaintiff correctly points out in his brief, nothing in the Lord Mansfield Rule, or in our cases of *Holder v. Holder, supra,* or *Lopes v. Lopes, supra,* prohibits the introduction of the results of blood- or tissue-typing tests, or of testimony from witnesses other than the putative parents, on the issue of paternity. Thus, the trial court should have permitted the plaintiff to amend his complaint to raise the issue of paternity and to prosecute his claim for an annulment on the grounds of fraudulent inducement.

Accordingly, the trial court is affirmed with respect to the granting of the divorce and custody of the child, but is reversed on its denial of the opportunity to raise the issues of paternity and fraudulent inducement. This case is remanded to permit the plaintiff to litigate those questions.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.